IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF IOWA

CENTRAL DIVISON

07 MAY 14 PM 3: 47

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IA

| | | |
|---|---|---|
| STUART DANIEL JUAREZ, | ) | |
| | ) | |
| Plaintiff, | ) | **4-07-CV000211** |
| | ) | |
| v. | ) | CIVIL ACTION FILE No. _____ |
| | ) | |
| BANK OF AMERICA, | ) | |
| AND | ) | CIVIL ACTION COMPLAINT |
| LITOW LAW OFFICE, P.C. | ) | and JURY DEMAND |
| | ) | |
| Defendant(s) | ) | |

## COMPLAINT FOR DAMAGES AND INJURY DEMAND

**COMES NOW** Plaintiff, Stuart Daniel Juarez, and for his claims against Defendant Bank of America and Defendant Litow Law Office P.C. states:

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant(s) violations of the Fair Debt Collection Practices Act, 15 U.S.C. Sec. 1692, et seq. (hereinafter "FDCPA") and Iowa Unlawful Debt Collection Practices Act, Iowa Code Sec.537.7103, et seq. (hereinafter "State Act"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, and the  Social Security Act 42 U.S.C. Sec. 407(a), (hereinafter "SSA") which provides; the right of any person to any future payments under this sub chapter shall not be transferable or assignable, at law or in equity.

### II. JURSIDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. Sec. 1692k(d), 28 U.S.C. Sec. 1337,

and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. Sec. 1367.  Declaratory relief is available pursuant to 28 U.S.C. Sec 2201 and 2202, as there is existence of federal question which supplies this court with jurisdiction.  Venue in this District is proper in that the both Defendants, (Litow Law Office P.C. and Bank of America), transacted business within the jurisdiction       of this Court and the conduct complained of occurred within the jurisdiction of this Court.

### III.  PARTIES

**3.**  Plaintiff, Stuart Daniel Juarez, (hereinafter "Petitioner") is a natural born citizen of the United States of America and a person residing in Polk County, Iowa.  Petitioners' address is 1125 SW Frazier Avenue Des Moines, Iowa 50315 and telephone number of (515) 577-8214.

**4.**  Defendant, Litow Law Offices, P.C. (hereinafter "Litow") is a law firm engaged in the the business of collecting debts within the State of Iowa with its principal place of business located at 1847 E Avenue NE Cedar Rapids, Iowa and with a business mailing address of P.O. Box 2165 Cedar Rapids, Iowa 52406-2165 and a business telephone number of (319) 362-3000.

**5.**  Defendant, Litow, is a "debt collector" as defined by the FDCPA, 15 U.S.C. Sec. 1692a(6).

**6.**  Defendant, Bank of America , (hereinafter "BOA") is a creditor engaged in extending credit through credit card agreements within the state.  With an mailing address of PO Box 1390 Norfolk, VA 23501-1390 and a business telephone number of 1-800-732-9194.

**7.**  Defendant, BOA, was involved in a debt collection action therefore Defendant BOA is a "debt collector" in this action as defined by the FDCPA, 15 U.S.C. Sec. 1692a(6).

## IV. MATERIAL ALLEGATIONS

**8.** The Petitioner and the Petitioners' family in the above entitled action suffered actual and proximate consequential damages, as well as, Petitioner is seeking punitive damages in the above action, exclusive of interest and cost which exceed $1,000,000.00 (One Million Dollars) to be proved at trial and stated herein.

**9.** Petitioner, Stuart Daniel Juarez, had a credit card with Defendant, BOA, with the account number of 4319 0386 0498 1447. Petitioner was the only person responsible for the account and prior to the incident alleged herein, Petitioner had a good credit rating and credit history with Defendant, BOA and in general.

**10.** Petitioner submitted a dispute letter sent on or about 15 October 2005 (certified mail #7004 1160 0005 9414 7511) due to Defendant, BOA, lack of response over the phone. Dispute letter contained Petitioners name, account number, amount in dispute, and stated that an error of an accounting nature was believed to have occurred. Dispute letter asked for acknowledgment of this billing error and complete a full investigation. And state that Petitioner may exercise his right to withhold the disputed amount until Defendant, BOA, complied. Letter was received on or about October 18th 2005.

**11.** No required response was received by Petitioner.

**12.** A second letter (certified mail #7005 1160 0005 3867 1187) was sent on or about December 7th 2005 asking Defendant, BOA, to respond accordingly before they were considered in noncompliance and Petitioner asked them to complete there required investigation and if they had any questions to write to Petitioner with those question(s). Letter was received on or about December 10th 2005.

**13.** No required response was received by Petitioner.

**14.** On or about January 6th 2006 Petitioner received a Notice to Cure letter from

Defendant, Litow.   Defendant, Litow, sent this letter on behalf of Defendant, BOA, which demanded payment on a DEFAULTED account for failure to pay.   Which was designed and did  intentional inflict mental distress and coercion upon this Petitioner. This letter had the impression that this attorney had reviewed and determined that this account was in DEFAULT when this Petitioner had placed this account and believe this account to be still in dispute.   The letter did not state that any Attorney review any information or conducted any investigation into the matter it just stated that Petitioner was to correct the DEFAULTED account and if Petitioner did not correct this DEFAULTED account a judgment would be entered.

**15.** The hiring by Defendant, BOA, was a willful, wanton, and intentional act and is and was their acceptance of the practices of Defendant, Litow,  which are a tortious interference with contractual relations which broke contractual obligations and legal obligation to investigate and settle this matter in good faith.  This  caused damage to the relationship between contracting parties as well as an intentional intrusion of Petitioners' privacy and misrepresentation of an attorney to file suit gives image of advantageous misrepresentation that was and is designed to force a settlement of a dispute that was not responded to as required by Law.  In addition the intentional hiring of Defendant, Litow, by Defendant BOA, creates a quasi-tort for the action of Defendant, Litow, against this Petitioner.

**16.** The refusal of Defendant, BOA, and Defendant, Litow, to provide a proper notice to cure and allow Petitioner to exercise his rights to dispute and have results of an investigation of that dispute returned is an intentional infliction of mental distress upon Petitioner, as well as, a violation of Law.

**17.** On or about January 9th 2006 Petitioner sent certified mail #7004 1160 0005 9414

9003 to Defendant, Litow, stating that the alleged Defaulted claim was disputed.

18. The letter sent by Defendant, Litow, on behalf of Defendant, BOA, that stated that Defendant, Litow, was an attorneys office that had been retained on behalf of Defendant, BOA, and that this matter was in DEFAULT and is now due. The letter did not state that any attorney actually reviewed the particulars circumstances of the account nor was any diligent review of alleged account made prior to sending the form letter demanding payment. Furthermore, it would have been readily apparent and was made apparent by Petitioner that Petitioner was engaged in the dispute resolutions process and awaiting required responses from Defendant, BOA, and that there was to be NO further contact made. Despite this several phone attempts were made. Despite any "disclaimers" referenced in any letter or phone call, the fact is that any letter sent or phone call made was and is intended to, and did, create the impression that the account had been turned over to an attorney who would proceed with further collection action against Petitioner if payment was not received.

19. On or about the 23rd day of January 2006 Petitioner received his three credit reports and found that Defendant, BOA, was misreporting account information to all three credit reporting agencies. Defendant, BOA, was reporting that this account was delinquent and pass due instead of in dispute as required by Law.

20. That on or about January 27th 2006 Petitioner sent a letter (certified mail #7005 1160 0005 3867 1279) to Defendant, BOA, notifying them of the following violations:

    **A.** Title 12 Code of Federal Regulations (CFR) sec. 22613(d)(1) which says "pending the outcome of a billing error dispute investigation collection action is prohibited and a consumer need not pay any amount believed to be in error."

    **B.** Title 12 CFR section 226.12(c)(2) "adverse credit reporting prohibited"

**C.** Title 12 CFR 226.12(c)(1) states that "the card issuer shall not report that amount as delinquent until the dispute is settled or judgment rendered."

**D.** Title 15 of U.S.C. Sec. 1681(c)(e)(f) states that "card issuer may not report fraudulent information."

**E.** Title 15 U.S.C. Sec 1666(c)(i) which "prohibits card issuer from closing the account for non-payment of believed disputed amount."

This letter was received on or about January 29th 2006.

**21.** No response was received by Petitioner from Defendant, BOA.

**22.** On or about February 1st 2006 Petitioner received a letter from Alliance One Receivables Management, Inc.

**23.** On or about February 3rd 2006 Petitioner sent Certified Mail # 7005 1160 0005 3867 1323 to this Debt Collector stating that this account was in dispute.

**24.** There was NO required response received to this letter.

**25.** Defendant, Litow, filed lawsuit on May 16th 2006 in Polk County District Court Case # 102128. Which is the subject of this Petitioners Complaint in this instant case.

**26.** On or about May 17th 2006 Defendant, Litow, contacted Petitioners place of worship regarding the alleged debt, discussing facts and information about this case over the phone, giving information about account and reference numbers over the phone and attempting to secure information about Petitioner with church staff, particularly the Pastors' Wife. Affidavit is part of District Court record.

**27.** After suit was filed Petitioner received a letter from Defendant, Litow, which stated, "Even though you have been served, this matter can still be resolved without court intervention. Please call our office at 1-800-617-7593 to remedy this matter and avoid the expense and time of appearing in court. Should judgment be rendered in our client's

favor, a resolution can prevent the garnishment of your wages or bank accounts and the placement of a judgment lien against any real property you may own." Which is an intentional infliction of mental distress and coercion into settlement by Defendant, Litow, of this Petitioner.

28. Defendant, Litow, was advised that Petitioner was not obligated to pay account or settle account until such time as Defendant, BOA, responded as required by Law. The impression and information Petitioner received was that Defendant, Litow, "did not work that way" and Defendant, Litow, continued to demand payment and moved forward with its lawsuit.

29. A 15 minute hearing was held in Polk County District Court before Judge Don C. Nickerson on Petitioners' motion to dismiss. This hearing was attended by Petitioner, and Defendant, Litow, representative Stephan Lickiss. Who gave oral legal theory without Testimony or any affidavit as to any material facts set forth in lawsuit.

30. After the hearing parties entered into discovery.

31. While discovery was on going Judge Nickerson rendered an inadvertent ruling against this Petitioner which is on Appeal before the Iowa Supreme Court of Appeals, Case Number 06-1793.

32. On or about the 26th day of April 2007 Defendant, Litow garnished Petitioner's spouses account and the accounts of his children all of which are not subject to the action and held exempt funds and that this information was given to Defendant, Litow, by both the Petitioner and the Credit Union, (at which the account and garnishment was served), that the accounts were to be considered exempt and held exempt funds. The garnishment of Petitioners' children Social Security Income for mental retardation and Spouses supplemental income from State of Iowa for a child in need of assistance are of

such a wanton, willful, and malicious disregard, (by an Attorney at Law), for personal rights and law that warrants punitive damages, (well in excess of $75,000.00 {seventy five thousand dollars}), which are of great public concern for the violation of State Act, the FDCPA, and the SSA.

**33.** Regardless of the notification given to Defendant, Litow, who is an Attorney at Law, they refused to relinquish the garnishment and held it as a form of coercion into settlement, dismissal of appeal, or payment of a debt by Petitioner who himself is on Social Security Disability for a combat injury received in the Persian Gulf.

**34.** AS A PROXIMATE RESULT or contributory factor of the mental and emotional distress of the garnishment and lack of access to the Juarez family account Petitioner, Stuart Daniel Juarez, suffered a Angina Pectoris and needed treatment for his Heart condition on the 26th day of April 2007; to which he attributes and medical evidence will support his two heart attacks, (28th day of February 2007 Myocardial Infarction treated at Iowa University Hospital, 9th day of March 2007 Cardiac Arrest treated at Mercy Hospital in Des Moines), to as well   since the start of this case. Petitioner will provide and seek damages for actual medical cost  damages, mental and emotional distress in excess of $250,000.00 (Two Hundred Fifty Thousand Dollars for actual medical bills and emotional distress and mental cruelty)

**35.** The SSA, 42 U.S.C. Sec. 407(a) provides;  the right of any person to any future payments under this sub chapter shall not be transferable or assignable, at law or in equity, and none of the money paid or payable or rights existing under this sub chapter shall be subject to execution of any bankruptcy or insolvency law.

**36.** 42 U.S.C. Sec. 1304 provides the right to alter, amend, or repeal any provision of this [Social Security] Act is reserved to the Congress.

37.   To the extent that any Iowa statute can be interpreted to allow execution, levy, attachment, garnishment or other legal process to attach seize or garnish social security funds such law is preempted.

38.   Defendant, Litow, (who are Attorney's at Law) used a legal process, (referring to the type of process and not to be construed that the action itself was legal), and use of a Public Officer to garnish minor children's Social Security Benefits, or have the Polk County Sheriff garnish, Petitioner's spouse and children bank account is a grievous violation and  repugnant to the express wording of the Law which exempts the willful and malicious seizure of those funds as well as the willful, wrongful, wanton, egregious, full of deliberate intent, and a reckless disregard of personal rights of parties not associated with this case is of great public concern.  This tortious, gross, and imputed negligence of the both Defendant(s) is ripe for Professional Conduct Violations by this Court,  and a class action or investigation into all their activities and procedures.

39.   Defendant, Litow, use of the legal process in an improper manner for the impermissible purpose of seizure of exempt funds and the attempt at coercion and obtainment of settlement or dismissal of appeal is unconscionable.  Furthermore, the seizure of exempt funds which were  used to pay for Life Insurance Policies for spouse and children, (valued in excess of $500,000.00 {Five Hundred Thousand Dollars}) are in jeopardy, [as well as many other essentials like mortgage, utilities, food, car notes, and returned checks to local business, (written before the service of garnishment)], at the filing of this action are fully unknown and will be proved as actual loss, damages, and injury at trial in excess of $500,000.00 (Five Hundred Thousand Dollars).  These Life Insurance Policies stated herein cannot be replaced due to current health concerns.

40.   Petitioner herein incorporates 1-39 above by reference and states that both

Defendants actions were and are wanton egregious, wrongful, and constitutes as an intentional tort, which were committed with malice, and/or willful and are a reckless disregard for the rights of the this Petitioner and the Juarez family and were directed at Petitioner and were of such as to warrant an award of actual and punitive damages listed in this petition in excess of $1,000,000.00 (One Million Dollars).

<h3 style="text-align:center">V. FIRST CAUSE OF ACTION AND CLAIM FOR RELIEF<br>Violations of Fair Debt Collections Act</h3>

**41.** Petitioner herein restates all facts and allegations 1-40 of this Complaint and are re-alleged and incorporated herein by reference.

**42.** Defendant, Litow, violated the FDCPA. Defendant's violation include, but are not limited to, the following are cause for this action:

**A.** Defendant, Litow, violated 15 U.S.C. Sec. 1692c(a)(2) by contacting Petitioner on behalf of Defendant, BOA, when the Defendant, Litow, knew or should have known that Petitioner was awaiting a required answer and that collection action was prohibited by Law.

**B.** Defendant, Litow, violated 15 U.S.C. Sec. 1692e by using one or more false, deceptive or misleading representations or means in connection with the collection of an alleged debt.

**C.** Defendant, Litow, violation of Title XII of Federal Regulations CFR Sec 226.13(d)(1), Title VIII of 15 USC 1601 and Iowa Code 537.

**D.** Defendant, Litow, violation of Consumer Credit Protection Act (Title VIII of 15 U.S.C. 1601 et. seq.) and Iowa Debt Collection Practices (IDCP) (Section 537.7103 (et. seq.) Iowa Debt Collection Practice Act by making false statement about Petitioner default against said debt Iowa Code section 537.7103(1)(c) by stating that Petitioner was willfully refusing to pay a just debt while Petitioner was engaged in administrative

disputes with Citibank of said debt, which is a willfully violation and is prohibited abusive practices by debt collectors to which this action is caused. Iowa Code 537.7103.

## VI. SECOND CAUSE OF ACTION AND CLAIM FOR RELIEF
### Violations of the Fair Debt Collections Act and Fair Debt Reporting Act

43. Petitioner herein restates all facts and allegations 1-42 of this Complaint and are re-alleged and incorporated herein by reference.

44.   For the purposes of the Petitioners' alleged obligation to Defendant, BOA, Defendant, BOA, was a "creditor" as defined in Iowa Code 537.7102(2).

45.   Petitioners' alleged obligation to BOA were "debts" as defined by Iowa Code 537.7102(3).

46.   With regards to attempts to collect debts from Petitioner as alleged herein, Defendant, BOA was a "debt collectors" engaged in "debt collections" as defined by Iowa Code 537.7102(4) and (5).

47. Defendant(s) violations of the State Act and FDCPA is cause for this action.  The foregoing acts, omissions and practices of Defendant, Litow, and Defendant, BOA, were violations of Iowa Code 537.7103, including but not limited to:

   A.   Defendant(s) violated Iowa Code 537.7103(4)(e) by making an intentional misrepresentation, or a representation that tends to create a false impression of the character, extent or amount of a debt, or of its status in a legal preceding;

   B.   Defendant(s) violated Iowa Code 537.7103(5)(d) by the attempt to collect amounts not expressly authorized by the agreement creating the obligation and that were legally chargeable to the alleged debtor, or were otherwise legally chargeable;

   C.   Defendant(s) violated of the Fair Credit Reporting Act, 15 U.S.C. Sec. 1681, et. Seq.;

   D.   Defendant(s) violated Iowa Code 537.7103(5)(e) by making a communication

with debtor when Defendant(s) knew that the alleged debtor had made notification to cease communication;

**E.** Defendant(s) violated 15 U.S.C Sec. 1692e by making false, deceptive, or misleading representations, including but not limited to, the character, amount, or legal status of the debt;

**F.** Defendant(s) violated 15 U.S.C. Sec. 1692e(5) by threatening to take an action that cannot be taken;

**G.** Defendant(s) violated 15 U.S.C. Sec. 1692f(1) by attempting to collect an amount (including any interest, fee, charges, or expense incidental to the principal obligation) unless such amount is authorized by agreement creating the debt or permitted by Law;

**H.** Defendant(s) violated Iowa Code Sec. 537.7103(4) by using fraudulent, deceptive or misleading representations or means to collect or attempt to collect a debt or to obtain information concerning a debtor;

**I.** Defendant(s) violated Iowa Code Sec. 537.7103(4)(e) by intentionally misrepresenting or making a representation which tends to create a false impression of the character, extent or amount of debt or of its status in a legal proceeding.

**J.** Defendant(s) violated Iowa Code Sec. 537.7103(1)(f) by threatening to take action prohibited by this chapter or any other Law, including violations of Iowa Code Sec. 714.16(2)(a);

**K.** Use of an unfair and / or unconscionable means to collect or attempt to collect a debt in violations of 15 U.S.C. Sec. 1692(f)

### VII. THIRD CAUSE OF ACTION AND CLAIM FOR RELIEF
### Defamation of Character

**48.** Petitioner herein restates all facts and allegations 1-47 of this Complaint and are re-

alleged and incorporated herein by reference.

49. That Defendants, BOA and Litow, published or communicated to certain reporting agencies information or made statements regarding the credit history or status of Petitioner account or refused to correct that information.

50. That said statements and information referred to in paragraph 48-49 above were false in a material aspect.

51. Defendants, BOA and Litow, knew of the falsity of the statements or information provided, or acted with a reckless disregard for the truth of the statement/information.

52. The information and statements referred to in 48-51 above reflected adversely upon each of the Petitioner's character, integrity, good name, and standing in the community by impugning his worthiness. Petitioner believes that Defamation of Character, does not independently raise a federal question: however, 28 U.S.C. Sec. 1441 allows the entire case to be determined and all issues therein to be heard or removed from State Court to US District Court.

53. Due to the actions of Defendant(s), Litow and BOA, as set out above, the Petitioner has suffered emotional pan and distress, embarrassment, and damage to his reputation.

54. The actions complained of above by Petitioner were reckless, willful, wanton, and malicious, and justify an award of punitive damages.

## VIII. FOURTH CAUSE OF ACTION AND CLAIM FOR RELIEF
### Negligent Non-Compliance

55. Petitioner herein restates all facts and allegations 1-54 of this Complaint and are re-alleged and incorporated herein by reference.

56. As noted above, Defendant(s) negligently prepared and published or communicated inaccurate and false reports or statements concerning the Petitioner, and concerning Petitioner's general credit worthiness to credit reporting agencies or other individuals.

**57.** Defendant, BOA negligently failed to comply with the requirements imposed upon them by the provision of 15 U.S.C. Sec. 1681s-2(b).

**58.** Defendant, BOA negligent actions in failing to comply with the provisions of 15 U.S.C. Sec. 1681s-2(b) subjects them to liability under 15 U.S.C. Sec. 1691o.

**59.** As a direct and proximate result of Defendant, BOA actions, as set out above, Petitioner has suffered both actual and compensatory damages.

**60.** The Defendant, BOA actions complained of above were reckless, willful, malicious, and wanton, and justify an award of punitive damages.

### IX. FIFTH CAUSE OF ACTION AND CLAIM FOR RELIEF
### Negligent Non-Compliance

**61.** Petitioner herein restates all facts and allegations 1-60 of this Complaint and are re-alleged and incorporated herein by reference.

**62.** As noted above, Defendant, BOA prepared and published or communicated inaccurate and false reports or statements concerning the Petitioner, and concerning Petitioner's general credit worthiness to credit reporting agencies or other individuals to a large number of credit reporting agencies located in different states.

**63.** Defendant, BOA negligently and willfully failed to comply with the requirements imposed upon them by the provision of 15 U.S.C. Sec. 1681s-2(b).

**64.** Defendant, BOA negligent and willful actions in failing to comply with the provisions of 15 U.S.C. Sec. 1681s-2(b) subjects them to liability under 15 U.S.C. Sec. 1681n.

**65.** As a direct and proximate result of Defendant, BOA actions, as set out above, Petitioner has suffered both actual and compensatory damages.

**66.** Defendant, BOA actions complained of above were reckless, willful, malicious, and wanton, and justify an award of punitive damages.

## X. SIXTH CAUSE OF ACTION AND CLAIM FOR RELIEF
### Negligent Non-Compliance

**67.** Petitioner herein restates all facts and allegations 1-66 of this Complaint and are re-alleged and incorporated herein by reference.

**68.** As noted above, Defendant, BOA actions in published or communicated inaccurate and false reports, information, or statements concerning the Petitioner, and concerning Petitioner's general credit worthiness to credit reporting agencies or other individuals are not in compliance with the provision of 15 U.S.C. Sec. 1681e(b), which requires Defendant to adopt reasonable procedures to insure the maximum possible accuracy of credit information.

**69.** Upon information and belief, Petitioner alleges Defendant, BOA representatives failed to report Petitioner's credit history and payment history accurately due to a lack of training, thereby failing to follow reasonable procedures as required by Law.

**70.** Defendant, BOA had a duty under 15 U.S.C. Sec. 1681e(b) to adopt reasonable procedures to insure the information that it supplied to third parties is accurate, fair, and equitable to the consumer.

**71.** Defendant, BOA breached its duty under 15 U.S.C. Sec. 1681e(b) in that they did not adopt reasonable procedures assuming maximum possible accuracy of information they reported and in failing to exercise reasonable care in the preparation of credit information and credit reports, As such Defendant's conduct was in noncompliance with 15 U.S.C. Sec. 1681o.

**72.** As a direct and proximate result of Defendant, BOA set out above, Petitioner has suffered both actual and compensatory damages.

**73.** The Defendant's actions complained of above were reckless, willful, malicious, and wanton, and justify an award of punitive damages.

## XI. SEVENTH CAUSE OF ACTION AND CLAIM FOR RELIEF
### Unconscionable Debt Collection

**74.** Petitioner herein restates all facts and allegations 1-73 of this Complaint and are re-alleged and incorporated herein by reference.

**75.** The issuance of Petitioners credit card from Defendant, BOA was a "consumer credit transaction" as defined by Iowa Law.

**76.** Defendants, BOA and Litow engaged in unconscionable conduct in collecting the debt from Petitioner and violated Iowa Code 537.5108(2). r

**77.** As a direct and proximate result of Defendants, BOA and Litow set out above, Petitioner has suffered both actual and compensatory damages.

**78.** The Defendant(s) actions complained of above were reckless, willful, malicious, and wanton, and justify an award of punitive damages.

## XII. EIGHTH CAUSE OF ACTION AND CLAIM FOR RELIEF
### Abuse of Process

**79.** Petitioner herein restates all facts and allegations 1-78 of this Complaint and are re-alleged and incorporated herein by reference.

**80.** Defendant(s) used a legal process(es) (referring to the type of process(es) used and not to be construed that the actions itself were legal) to garnish or have the Polk County Sheriff Garnish Petitioners' bank Accounts that held exempt funds.

**81.** The legal process was used in an improper manner and for the impermissible purpose of attempting to obtain exempt funds.

**82.** The Defendant(s) actions complained of above were egregious, wrongful, and constituted an intentional tort, were committed with malice, and / or willful or reckless disregard for the rights of a person not associated with this case and were directed specifically at Petitioner, and were such as would warrant an award of, (great public concern) punitive damages.

**83.** Defendant(s), Litow and BOA, violated Iowa Code Sec. 537.7103(1)(f), by taking an action that was prohibited by Law.

**84.** Defendant, Litow, violation(s) of Professional Conduct in the abuse of process referring to above is or does warrant Professional Misconduct Charges.

## XIII. RELIEF REQUESTED

**85.** Wherefore, Petitioner, Stuart Daniel Juarez, respectfully request that judgment be entered against the Defendant(s), Litow and BOA, each for there direct violation(s) and quasi violations as follows:

**A.** Actual and Proximate Result Damages;

**B.** Statutory damages, costs, and reasonable fees pursuant to 15 U.S.C. Sec. 1692k against both Defendant(s) pursuant to Iowa Code 537.5201(8) (in an amount jointly and severally, but to eliminate double recovery).

**C.** Statutory damages pursuant to Iowa Code Sec. 537.5201(1);

**D.** Punitive damages for abuse of process;

**E.** Punitive damages for Intentional Infliction of Mental Cruelty or Emotional Distress

**F.** Punitive damages for Tortious Interference

**G.** Punitive damages for Misrepresentation

**H.** Punitive damages for failure to provide reasonable and timely answers to Petitioner

**I.** Punitive damages for aggravation,

**J.** Punitive damages for inconvenience

**K.** Punitive damages for limitation of normal business and credit denial / reduction / termination

L. Costs and reasonable fee's pursuant to Iowa Code Sec. 537.5201(8)

M. And for any other relief, special compensatory damages or award as this Court or a Jury may deem appropriate in light of the circumstances that will fully and fairly compensate Petitioner and prevent any future public concerns.

### XIV. JURY DEMAND

**86.** Petitioner hereby demands a jury trail on each and every issue in the above captioned matter and for those issues to be brought forth out of the discovery process or as they become known by Petitioner or that will fairly compensate Petitioner and prevent further violation(s) by Defendant(s).

Respectfully submitted,

Stuart Daniel Juarez, Pro Se Litigant
1125 SW Frazier Avenue
Des Moines, Iowa 50315
(515) 577-8214
Fax (515) 287-4404
StuartDJuarez@mchsi.com

Upon being duly sworn, I, Stuart Daniel Juarez, do depose and state that I am the Petitioner. I, Stuart Daniel Juarez, have caused the Petition to be prepared and I, Stuart Daniel Juarez, believe it to be correct and true to the best of my knowledge.

Stuart Daniel Juarez, Petitioner

State of Iowa
County of Polk
SUBSCRIBED, AND SWORN before me; _Stuart Daniel Juarez_____, a Notary Public in and for the State of Iowa, by; Stuart Daniel Juarez, who is personally known to me or proved to me by reasonable means to be the above named individual this _14_ day of May, 2007.

Notary Public Signature

(seal or stamp)

My Commission No. is: _14 0041_     Expires: _____

ROBIN L. HILLABOLT
COMMISSION # 140041
MY COMMISSION EXPIRES
7-17-07

## CERTIFACTE OF FILING

I, Stuart Daniel Juarez, (Plaintiff Pro Se) hereby certify that on May ⁄⁴⁄ 2007, I personally, filed the attached Civil Action by hand delivering it to the Clerk of the U.S. District Court address 123 East Walnut Street Des Moines, Iowa 50309.

Stuart Daniel Juarez, Plaintiff Pro Se
1125 SW Frazier Avenue
Des Moines, Iowa 50315
(515) 577-8214
Fax (515) 287-4404
StuartDJuarez@mchsi.com

## CERTIFIACTE OF SERVICE

I, Stuart Daniel Juarez, (Plaintiff Pro Se) hereby certify that I will have caused to be served two (2) Court dated stamped original notice of this civil action and two copies of US District Court Summon to be mailed by US Restricted Certified Mail Delivery by a third party or delivered by hand to Defendant, Litow, and Defendant, BOA to the following addresses:

Physical Business and Personal Service address of:
Litow Law Office P.C.
1847 E Avenue NE
Cedar Rapids, Iowa 52406

Mailing address of:
Litow Law Office P.C.
P.O. Box 2165
Cedar Rapids, Iowa  52406-2165

and

Mailing address of:
Bank of America
P.O. Box 1390
Norfolk, VA 23501-1390
1-800-732-9194

Proof of Service to be filed upon completion.

Stuart Daniel Juarez,
1125 SW Frazier Avenue
Des Moines, Iowa 50315
(515) 577-8214
Pro Se Litigant